# United States District Court
# District of Massachusetts

DAVID DOUCETTE,
LYNNE DOUCETTE,
      Plaintiffs,

v.                              CIVIL ACTION NO. 09-10607-RBC

BANK OF NEW YORK, ETC.,
SAXON MORTGAGE COMPANY,
NOVASTAR MORTGAGE SERVICES, INC.,
ASCELLA MORTGAGE, LLC,
HOSKINS REALTY, INC.,
EDDIE HOSKINS,
      Defendants.

## ORDER RE: SERVICE OF PROCESS ON DEFENDANT ASCELLA MORTGAGE, LLC

COLLINGS, U.S.M.J.

    The Court questions whether the plaintiff has demonstrated sufficient service on the defendant Ascella Mortgage, LLC ("Ascella"). Plaintiff's attorney has averred that service was attempted upon Ascella's registered agent in Southwick, Massachusetts, but the agent could not be found. *See* #72. Thereafter, service was made by mail to a person plaintiff's counsel was

informed was Ascella's registered agent in Connecticut and "...to an officer of the corporation at its principal place of business." *See* #72-1. No service other than mailing has been shown, and indeed, the method of mailing is not specified, but there is an assertion that plaintiff's attorney cannot locate the return receipts. *See* #72-1.

For a "corporation, partnership [or] association" to be properly served, Rule 4(h)(1)(B), Fed. R. Civ. P., requires "delivery" which means personal service upon an officer or agent of the corporation. However, Rule 4(h)(1)(A), Fed. R. Civ. P., allows service to be made in the manner prescribed by Rule 4(e)(1), Fed. R. Civ. P. That rule allows service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located [in this case, Massachusetts] or where service is made [presumably in this case, Connecticut]". It appears that Connecticut requires personal service on the registered agent, so service by mail would not be sufficient under Connecticut law. *See* Connecticut General Statutes, § 33-1053.

The question then becomes whether service by mail on an out-of-state resident agent of a corporation registered to do business in the Commonwealth

is proper under Massachusetts law.[1] The Court concludes that it is not. Massachusetts General Laws chapter 156D, § 15.10 provides in relevant part that:

> (b) Every foreign corporation[2] doing business in the commonwealth which has not complied with section 15.03 and every foreign corporation which has complied with said section 15.03 but whose resident agent cannot, after a diligent search by an officer authorized to serve legal process, be found at the business address of such resident agent stated in its most recent certificate filed with the secretary of state pursuant to this chapter or its most recent annual report filed with the secretary of state pursuant to section 16.22 and every foreign corporation whose resident agent refuses to act as such, shall be deemed to have appointed the secretary of state and his successor in office to be its true and lawful attorney upon whom all lawful process in any action or proceeding may be served so long as any liability incurred in the commonwealth while it was doing business shall remain outstanding.
>
> (c) Service of process in all actions and proceedings in the commonwealth against such a foreign corporation may be made upon the secretary of state....

---

[1] The Complaint alleges that "Defendant Ascella Mortgage, LLC ("Ascella") is registered with the Secretary of the Commonwealth as having a principal place of business at 63 East Center St., Manchester, CT 06040 with a registered agent within the Commonwealth at Keith [sic] Fuller, 177 College Highway, Southwick, MA 01077." This allegation suggests that the requirements of Mass. Gen. L. c. 156D, § 15.03 have been met.

[2] By definition, a "foreign corporation" is "a corporation for profit or a nonprofit corporation incorporated under a law other than the laws of the commonwealth." Mass. Gen. L. c. 156D § 1.40.

3

In this case because, according to the return of service, Ascella's resident agent could not be found, service properly may be made upon the secretary of state of the commonwealth.[3]

Thus, at this juncture, plaintiff's counsel has two choices. He may (a) file a memorandum of law seeking to demonstrate that service of process by mail upon the registered agent in Connecticut was proper and that his proof of such service is sufficient or (b) he may elect to serve the secretary of state for the Commonwealth of Massachusetts in accordance with Mass. Gen. L. c. 156D, § 15.10.

Counsel shall either file a memorandum of law or file a return of service on the secretary of state *on or before the close of business on August 23, 2010.*

/s/ Robert B. Collings
ROBERT B. COLLINGS
August 3, 2010.        United States Magistrate Judge

---

[3] Massachusetts General Laws c. 223, § 37 sets out the procedure to be followed with respect to domestic corporations that, if the process server makes a return to the effect that "he can find no one upon whom he can lawfully make service," the plaintiff can make application to the court for an order of notice which is then processed by the Secretary of State. This procedure is also applicable, in comparable circumstances, to foreign corporations. *See* Mass. Gen. L. c. 223, § 38. However, "[t]his method of service is available only where the foreign corporation, at the time of service, has a usual place of business in the Commonwealth or is engaged in or soliciting business" in Massachusetts. 9 Massachusetts Practice Series, *Civil Practice* § 8.7 (3d. Edition)(footnote and citation omitted). Whether this criteria is met in this case is unknown.